JUSTICE WEBER
dissents as follows:
The complaint filed by the plaintiffs sought in its first cause of action the recovery by the estate of the damages for conscious pain and suffering of Mr. Sasse during the time he lived following his fall, his estate incurred medical expenses and funeral expenses, and the loss by his estate as a result of the permanent loss of earning capacity of Mr. Sasse. As a second cause of action, the plaintiffs sought recovery for wrongful death setting forth claims for loss of financial support, loss of society and companionship, sorrow and grief, and loss of services.
*182 When considering the first cause of action, the proper place of trial for the tort action is fixed by § 25-2-122, MCA, winch provides in pertinent part:
25-2-122. Torts. The proper place of trial for a tort action is:
(1) the county in which the defendants ... reside at the commencement of the action; or
(2) the county where the tort was committed.
In addition, § 25-2-126, MCA, provides in pertinent part:
25-2-126. Against state, county, and political subdivisions.
(3)The proper place of trial for an action against a political subdivision is in the county in which the claim arose or in any county where the political subdivision is located.
Applying the foregoing statutes to the first cause of action results in a determination that the proper venue of that cause of action would be only in Lincoln County because the tort was committed in that county and that county also was the location of the defendant political subdivision.
In considering the venue of the second cause of action, that being the wrongful death action, several statutes need to be considered. Section 27-1-501, MCA, provides in pertinent part:
27-1-501. Survival of cause of action or defense — death or disability or transfer of interest. (1) An action, cause of action, or defense does not abate because of the death or disability of a party ... but whenever the cause of action or defense arose in favor of such party prior to his death or disability... it survives and may be maintained by his representatives or successors in interest.
(2) Actions brought under this section and 27-1-513 must be combined in one legal action ....
Section 27-1-513, MCA, provides in pertinent part:
27-1-513. Action for wrongful death. When injuries to and the death of one person are caused by the wrongful act or neglect of another, the personal representative of the decedent’s estate may maintain an action for damages against the person causing the death....
In its analysis of the venue of the wrongful death claim, the majority follows the Carroll case and concludes that the venue of the wrongful death claim is Flathead County. The majority correctly points out that under § 27-1-501, MCA, both the first and second *183 causes of action of this complaint must be combined in one legal action.
The majority opinion concludes that if a plaintiff files in one county where venue is proper, no motion for change of venue can be granted. That appears to be the primary rationale for the decision. The majority opinion does not address the contradiction above-described when the venue statutes are analyzed with regard to the two different causes of action. The venue for the survival action, the first cause of action, is limited to Lincoln County. The venue of the second cause of action, the action for wrongful death, is either in Flathead County or Lincoln County. Under these circumstances I suggest it is appropriate to balance the facts as was done by the District Court. As pointed out by the District Court, all events associated with the plaintiffs’ two causes of action occurred in Lincoln County with the single exception of the death, which occurred in Flathead County.
I therefore conclude that because the proper venue for the first cause of action is limited to Lincoln County by statute, and a proper venue for the second cause of action also is in Lincoln County, that it is appropriate to conclude that the proper venue for both causes of action should be limited to Lincoln County. I would therefore affirm the District Court.
CHIEF JUSTICE TURNAGE concurs in the dissenting opinion of JUSTICE WEBER.